**Roger HOLCOMBE, Plaintiff—Appellant,**

v.

**Jackie CRAWFORD; Don Helling, Defendants—Appellees.**

No. 03–16815.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Submitted March 14, 2005.*

Decided March 17, 2005.

Jeffrey A. Dickerson, Esq., Reno, NV, for Plaintiff–Appellant.

Patrick O. King, Louis F. Holland, Esq., AGNV–Office of the Nevada Attorney General, Carson City, NV, for Defendants–Appellees.

Before: NOONAN, THOMAS and FISHER, Circuit Judges.

## MEMORANDUM **

Plaintiff-appellant brought an action under 42 U.S.C. § 1983 alleging that his dismissal was recommended as retaliation for his union activities. *See Ulrich v. City and County of San Francisco*, 308 F.3d 968, 976 (9th Cir.2002) (describing First Amendment retaliation claim). The district court granted summary judgment for defendants on the ground that plaintiff had failed to present sufficient evidence of causation. We have jurisdiction pursuant to 28 U.S.C. § 1291.

The district court properly found that plaintiff had failed to raise a triable issue of fact as to whether plaintiff's protected activity was a "substantial motivating factor" for the adverse employment action. *Ulrich*, 308 F.3d at 976. The record clearly demonstrates that his dismissal was recommended following his violation of several provisions of Nevada's Administrative Code, and plaintiff has proffered no evidence to suggest that the stated reasons for the dismissal recommendation were pretextual. *See Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir.2003) ("In some cases, the totality of the facts may form such a clear picture that the district court would be justified in granting summary judgment, either for or against a plaintiff, on the issue of retaliatory motive . . .").

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.